## NEW YORK SUPERIOR COURT

DANIEL G. BACON and others agt. WILLIAM HICKOK and six others.

Where a *bond of indemnity* is executed by the obligors to secure the payment of promissory notes, instead of indorsing the notes, and is so recited in the bond, they are not to be treated as *indorsers* in case of the non-payment of the notes ; their obligations arise immediately on the notes not being paid at maturity.

*Special Term, July*, 1861.
DEMURRER to complaint.

Mr. BRYAN, *for plaintiffs.*
E. S. CAPRON, *for defendants.*

HOFFMAN, Justice. This case was brought upon a bond of indemnity, conditioned to pay the amount of $7,927.71, the gross amount of three promissory notes, made by the Damascus Iron Company. The bond of indemnity was given by the defendants, pursuant to an agreement contain-ing several recitals, among which were the following : " And the said obligees (plaintiffs) have consented to discontinue said suit, and extend such time of payment by taking new notes, as hereinafter mentioned, provided the above named

Bacon agt. Hickok.

obligors will become individually and personally bound to said obligees as indorsers on such new notes; to which condition the obligors have assented, except that they prefer to fix their liability in this behalf by a bond of indemnity, instead of indorsements, to which preference the said obligees have yielded their assent." Then follows the obligation in these words: " Now, therefore, the condition of the above obligation is such, that if the said company shall well and truly pay the three several promissory notes given herein, when they become due, and if the obligors shall well and truly indemnify the said obligees of and from all loss and damage, by reason of such non-payment, then the obligation to be void." The company failed to pay. An action was brought on the bond, for the non-payment of one of these notes. The complaint did not show that there had been any notice of demand on the notes given to the defendants, as indorsers, and it did not show that the plaintiffs had endeavored to collect the money of the company, and had failed to collect it. The defendants demurred to this complaint, and assigned as their objections, that, although the security was in the form of a bond, the liability of the defendants was strictly that of indorsers, and they were entitled to be treated in all respects as such, before they could be made liable on the bond. Counsel further contended that actual loss and damage must be averred before the plaintiffs could recover of the defendants. Such a loss was best shown by proving an attempt to collect the notes of the makers.

The parties to the indemnity bond were not indorsers, but parties to a contract, the stipulations of which they were under obligations to perform as soon as the company failed to pay the notes. Judgment for the plaintiffs on demurrer.